IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gary Slezak, #109201, | ) | Civil Action No. 4:03-3797-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Stanley Burt, Warden of Lieber | ) | |
| Correctional Inst.; and Henry | ) | |
| McMaster, Attorney General of | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on the petitioner's motion to vacate pursuant to Rule 60 of the Fed.R.Civ.P., which was filed on December 16, 2005, and the petitioner's amended motion to vacate, which was filed on January 31, 2006.

Petitioner Gary Slezak is an inmate of the South Carolina Department of Corrections ("SCDC"). On September 16, 2003, the petitioner petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner filed an amended/supplemental petition on February 10, 2004.[1] Respondents filed a motion for summary judgment on April 30, 2004. On August 30, 2004, the petitioner, through counsel, filed a response to the respondents' motion for summary judgment. On February 24, 2005, United States Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation ("Report") recommending that summary judgment be granted. On April 25, 2005, after several extensions of time, the petitioner filed his objections to the Magistrate Judge's Report. On July 11, 2005, this court overruled the petitioner's objections, adopted the Report, and granted the respondents' motion for

---

[1] Petitioner filed his original petition <u>and</u> the amended petition, *pro se*. He is now represented by Attorney John D. Elliott, who filed a notice of appearance with this court on June 8, 2004.

summary judgment.  On July 21, 2005, the petitioner filed two *pro se* motions, one for the substitution of counsel and one to amend his petition for habeas relief.  Respondents filed responses to the motions on August 1, 2005.  Petitioner filed a memorandum in support of his motions on August 4, 2005.  On October 17, 2005, this court entered an Order which noted, *inter alia*, that the petitioner's motions also requested relief under Rule 59 of the Federal Rules of Civil Procedure, and that the court denied all relief requested by the petitioner.  On October 24, 2005, the petitioner filed a second motion to substitute attorney.  On October 31, 2005, the petitioner filed a motion to vacate.  On November 8, 2005, this court entered an Order denying both motions for the same reasons outlined in the court's October 17, 2005, Order.

In the present motions before this court, the petitioner does not specify which ground of Rule 60 he relies upon in seeking relief.  However, on the last page of the motion to vacate [Entry #57], the petitioner uses the following words: mistake, inadvertence, neglect, and new evidence.  Therefore, this court will assume that the petitioner's motions seek relief under Rule 60(b)(1) and (2). Under Rule 60(b)(1), the court is empowered to set aside a judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed.R.Civ.P. 60(b)(1).  Under 60(b)(2), the court may set aside a judgment upon a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed.R.Civ.P. 60(b)(2).

After reviewing and thoroughly considering the present motions, the court finds that they are simply an attempt to rehash issues already raised in past motions and considered by this court in its Orders dated July 11, 2005, and October 17, 2005.  It appears that the petitioner is once again arguing

2

that his "court appointed counsel"[2] should be substituted for various reasons, that he should be allowed to amend his petition, and that this court's previous Orders should be vacated. The court notes that because of the strong policy reasons in favor of finality in litigation, Rule 60(b) relief is only available in "extraordinary circumstances." Kincer v. First American National Bank, 2004 WL 57085, *1 (W.D.Va. 2004). It is not a matter of right, but in the court's discretion. See Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 359 (7th Cir. 1997).

Under the circumstances presented in the present motions, the court finds there is no reason justifying relief from the July 11, 2005, and October 17, 2005 Orders. For the reasons stated herein, and in this court's previous Orders, the petitioner's motions [Entry #s 57 & 59] are **DENIED**.

**IT IS SO ORDERED**.

            s/ R. Bryan Harwell
            R. Bryan Harwell
            United States District Judge

April 10, 2006
Florence, South Carolina

---

[2] Contrary to the petitioner's assertions otherwise, Attorney John D. Elliott has not been appointed by this court to represent the petitioner in this action. See Entry #10 (Order dated March 1, 2004, denying the petitioner's request to appoint counsel). However, as indicated above, Attorney John D. Elliott, did file a notice of appearance in this case on June 8, 2004.